UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| J'MON SLAUGHTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:13-cv-001554-TWP-TAB |
| | ) |
| BRIAN SMITH Superintendent, Plainfield Correctional Facility, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

Plaintiff J'mon Slaughter, an inmate at the Plainfield Correctional Facility, filed this civil action alleging the violation of his civil rights. For the reasons explained below, the complaint is **dismissed** and Slaughter is given an opportunity to file a legally sufficient amended complaint.

**I.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Such statement must provide the defendant with fair notice of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints such as that filed by Slaughter are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Slaughter alleges that his First, Fourth, and Eighth Amendment rights, his due process rights, and his rights protected by Article 6 the Indiana Constitution ("administrative" article) have been violated. The only facts he alleges, however, are that he has been held in segregation for eight (8) months in a short-term lock up unit not designed for long-term segregation. These facts fail to state a claim upon which relief can be granted.

The facts alleged invoke no rights protected by the First or Fourth Amendment. In addition, any claim based on the asserted violation of the Indiana Constitution is dismissed because there is no private cause of action for damages under the Indiana Constitution under the circumstances alleged by Slaughter. *Cantrell v. Morris*, 849 N.E.2d 488, 491-93 (Ind. 2006); *Estate of O Bryan v. Town of Sellersburg,* 2004 WL 1234215, *21 (S.D.Ind. May 20, 2004); *Smith v. Indiana Dep't of Corrections*, 871 N.E.2d 975, 985 (Ind. Ct. App. 2007) ("[N]o Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution.").

[D]isciplinary segregation *can* trigger due process protections [under the Fourteenth Amendment] depending on the duration and conditions of segregation." *Marion v. Columbia Correction Inst.,* 559 F.3d 693, 697 (7th Cir. 2009). The Seventh Circuit has explained that "both the duration *and* the conditions of the segregation must be considered in the due process analysis; if the conditions of segregation were significantly harsher than those in the normal

prison environment, then a year of [segregation] might count as a deprivation of liberty where a few days or even weeks might not." *Id.* at 698 (internal quotation omitted). In addition, the conditions of an inmate's confinement violate the Eighth Amendment only if they deprive him of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The complaint lacks sufficient facts to support a claim under either of these two theories.

In addition, Slaughter is reminded that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

**II**.

For the reasons explained above, the complaint fails to state a claim upon which relief can be granted and must therefore be **dismissed**. The dismissal of the complaint will not lead to the dismissal of the action at this time. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013) ("IFP applicants whose complaints are dismissed pursuant to a section 1915 screening for failure to state a claim should be granted leave to amend at least once in all cases in which Rule 15(a) would permit leave to amend.").

Slaughter shall have **through November 15, 2013,** in which **to file an amended complaint** which corrects the deficiencies noted in Part I of this Entry.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs,

each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and which individuals are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief that is sought.

If an amended complaint is filed as directed, the Court will screen it as required by 28 U.S.C. ' 1915A. If no amended complaint is filed, the action will be dismissed in its entirety for the reasons discussed in Part I of this Entry.

**IT IS SO ORDERED.**

Date: __10/11/2013__

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

J'MON SLAUGHTER
955188
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168